UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAYNE WEST,<br><br>        Petitioner,<br><br>        v.<br><br>CRAIG KOENIG, Warden,<br><br>        Respondent. | Case No. 2:21-cv-03727-CJC-JDE<br><br>ORDER TO SHOW CAUSE |

On April 19, 2021,[1] Petitioner Wayne West ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1, "Petition" or "Pet.") and a supporting Memorandum (Dkt. 2, "Mem."), raising a single ground for relief. The Court has screened the Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, for purposes of this Order, the Court will afford Petitioner the benefit of the mailbox rule and deems the Petition to have been "filed" on April 19, 2021.

1

Cases in the United States District Courts ("Habeas Rules") and finds that the Petition appears to suffer from at least two defects. The Court thus orders Petitioner to show cause why this action should not be dismissed.

# I.
# PROCEDURAL HISTORY

On October 4, 2016, following a plea of nolo contendere in the Los Angeles County Superior Court, case number BA444069, Petitioner was convicted and sentenced to a term of 21 years in prison for robbery with the use of a weapon. Pet. at 2 (CM/ECF pagination is used herein for references to the Petition); Mem. at 6.

Petitioner states he did not appeal his judgment of conviction to the California Court of Appeal. Pet. at 3. However, California Court of Appeal records reflect that, in an unpublished decision issued on October 18, 2017, the state court of appeal affirmed Petitioner's conviction and sentence following an independent review of the record under People v. Wende, 25 Cal.3d 436 (1979) after Petitioner's court appointed counsel filed an opening brief raising no issues and Petitioner submitted a brief raising several issues.[2] California Courts, Appellate Case Information ("Appellate Case Information") at appellatecases.courtinfo.ca.gov, Second Appellate District, Division Four, Case Nos. B298616, BA444069.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant state court records available electronically for the state courts. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

It does not appear Petitioner filed a timely Petition for Review of the October 18, 2017 opinion affirming his conviction and sentence. See Pet. at 4 (reflecting that Petitioner did not answer the question whether he filed a Petition for Review); Dkt. 2 at 6 (December 23, 2019 Order by the California Court of Appeal reflecting "the matter in trial number BA444069 is final and has been since 2017).

Barring a timely filing of a Petition for Review of the California Court of Appeals decision affirming the judgment, Petitioner's judgment became final on November 27, 2017, 40 days after the order affirming his judgment of conviction was filed. See Cal. R. Ct. 8.366(b)(1) (providing that court of appeal decision becomes final 30 days after filing); Cal. R. Ct. 8.500(e)(1) (providing that a Petition for Review must be served and filed within 10 days of a court of appeal decision becoming final). Petitioner asserts he did not file any habeas petitions in state court with respect to his judgment of conviction. See Pet. at 4.

## II.
## PETITIONER'S CLAIM

The sole claim raised in the Petition is Petitioner's assertion that the state courts denied his March 19, 2019 motion for modification of his sentence under California Senate Bill 1393 ("SB 1393"), which, according to Petitioner, became effective on January 1, 2019, and gave California trial courts the discretion to dismiss sentencing enhancements based upon prior convictions for serious felonies. See Pet. at 6; Mem. at 1-4.

## II.
## DISCUSSION

Under Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition. Here,

the Petition appears subject to dismissal for two reasons: (1) the sole claim raised in the Petition appears to be non-cognizable on federal habeas review; and (2) the Petition appears to be untimely. The Petition therefore appears to be subject to dismissal under Rule 4.

### A. The Petition's Sole Claim Appears to Be Non-Cognizable

The Petition appears subject to dismissal as non-cognizable as the only underlying claim is based solely on an alleged violation of state law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 67-68.

Petitioner claims he did not receive a resentencing in violation of a new state law. Petitioner cites only state law in support of his claim and identifies no federal constitutional violation. Further, a claim that a failure to resentence a petitioner under SB 1393 "does not state a claim for federal habeas relief." Bush v. Davis, 2020 WL 7043882, at *2 (N.D. Cal. Dec. 1, 2020); see also Burchett v. Martel, 2020 WL 1847131, at *2, report and recommendation adopted by 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020) (petitioner's allegations regarding S.B. 1393 involve an alleged misapplication of state law and "[a]s such, they fail to state a cognizable federal claim."); O'Neil v. Burton, 2019 WL 6915690, at *2, report and recommendation adopted by 2020 WL 363352 (E.D. Cal. Jan. 22, 2020) ("petitioner's effort to obtain the benefit of California Senate Bill 1393 implicates state law only," and therefore federal habeas relief is unavailable); McKinney v. Pfeiffer, 2019 WL 5686334,

4

at *3, report and recommendation adopted by 2019 WL 5683471 (C.D. Cal Oct. 24, 2019) (petitioner's citation to SB 1393 is a state law claim for relief and therefore is excluded from federal habeas review). Accordingly, it appears the sole ground for relief asserted in the Petition is not cognizable on federal habeas review and subject to summary dismissal.

### C. The Petition Appears Untimely

Because the Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), it is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner does not appear to contend that he is entitled to a late trigger date to delay the commencement of the running of the limitations period under 28 U.S.C. § 2244(d)(1)(B) or (D), and the Court finds no basis for a late trigger date under those subsections. To the extent Petitioner may contend, based on the January 1, 2019 effective date of SB 1393, that he is entitled to a later start date of the statute of limitations under 28 U.S.C. § 2244(d)(1)(C), which provides that the one-year statute of limitations begins to run on the date the Supreme Court recognizes a new constitutional right that has been made retroactive on collateral review, the Court is aware of no United States Supreme Court authority holding that the provisions of Senate Bill 1393 apply retroactively on collateral review. Thus, Section 2244(d)(1)(C) does not provide a late trigger date here. See Callendret v. Pfeiffer, 2020 WL 5370616, at *4 (C.D. Cal. July 16, 2020). Thus, as no basis to apply a later trigger date appears, Section 2244(d)(1)(A) governs in this case.

As explained, as Petitioner does not appear to have filed a Petition for Review of the California Court of Appeal's decision affirming his conviction and sentence, the judgment became final 30 days' after the issuance of the court of appeal's decision, that is, on November 27, 2017. The AEDPA's one-year limitations period expired one year later on November 27, 2018. Petitioner did not constructively file his Petition until April 19, 2021. Thus, absent tolling, the Petition is untimely by more than two years.

1. <u>Statutory tolling does not appear to render the Petition timely.</u>

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date a judgment becomes final and the date the petitioner files his first state collateral challenge because during that time there is no case "pending." See <u>Cross v. Sisto</u>, 676 F.3d 1172, 1179 (9th Cir. 2012).

Once the limitations period lapsed, it could not be reinitiated. <u>See Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The burden of demonstrating that the AEDPA's one-year limitations period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1019 (9th Cir. 2009); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner states he did not file filed a state habeas petition as to his judgment of conviction. Pet. at 4 (CM/ECF pagination). To the extent

Petitioner refers to state court proceedings that commenced after November 27, 2018 (see Mem. at 3-5 (CM/ECF pagination)), because, as noted above, the limitations period appears to have already lapsed by that time, such proceedings do operate to reinitiate tolling. See Ferguson, 321 F.3d at 823.

Thus, Petitioner does not appear to be entitled to any statutory tolling.

### 2. Equitable tolling does not appear to render the Petition timely.

In addition to statutory tolling, the AEDPA's one-year limitations period also is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 649 (2010). In order to be entitled to equitable tolling, the petitioner must show both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (as amended) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely.

### III.
### ORDER

Accordingly, the Petition appears to be non-cognizable and untimely. District courts are permitted to consider, *sua sponte*, whether a petition is

untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. Day v. McDonough, 547 U.S. 198, 209-10 (2006); Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).

Therefore, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely. By **June 11, 2021,** Petitioner shall file a written response to this Order. If Petitioner contends that the Petition seeks cognizable relief, he must provide all evidence, argument, and authority in support of such position. If Petitioner asserts that the action was timely filed, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action, including any evidence in support of any claim of tolling.

The Court warns Petitioner that failure to timely file a response to this Order may result in the Court dismissing this action with prejudice as untimely and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

Dated: May 12, 2021

_____
JOHN D. EARLY
United States Magistrate Judge