UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAYNE WEST,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CRAIG KOENIG, Warden,<br><br>　　　　　Respondent. | Case No. 2:21-cv-03727-CJC-JDE<br><br>ORDER SUMMARILY DISMISSING ACTION |

## I.

## INTRODUCTION

On April 19, 2021,[1] Petitioner Wayne West ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (Dkt. 1, "Petition" or "Pet.") and a supporting Memorandum (Dkt. 2, "Mem."), raising a single ground for relief.

---

[1] Under the "mailbox rule," "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). In the absence of evidence to the contrary, courts have treated a petition as delivered to prison authorities on the date the petition is signed. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, for purposes of this Order, the Court will afford Petitioner the benefit of the mailbox rule and deems the Petition to have been "filed" on April 19, 2021.

On May 12, 2021, the assigned Magistrate Judge, after screening the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), issued an order finding that the Petition appeared to be untimely and seek relief that is not cognizable on federal habeas review and directing Petitioner to show cause why the action should not be dismissed. Dkt. 7 ("OSC"). On July 19, 2021, Petitioner filed a Response to the OSC arguing that the Petition was timely, but not responding to the OSC's conclusion that the Petition appeared to be not cognizable.

For the reasons set forth below, the Court summarily dismisses the Petition as it seeks relief that is not cognizable on federal habeas review.

## II.

## PETITIONER'S CLAIM

The sole claim raised in the Petition is Petitioner's assertion that the state courts improperly denied his March 19, 2019 motion for modification of his sentence under California Senate Bill 1393 ("SB 1393"), which, according to Petitioner, became effective on January 1, 2019, and gave California trial courts the discretion to dismiss sentencing enhancements based upon prior convictions for serious felonies. See Pet. at 6; Mem. at 1-4.

## III.

## DISCUSSION

Under Rule 4 of the Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition plainly appears to be non-cognizable on federal habeas review and therefore subject to dismissal under Rule 4.

Petitioner's sole claim is based solely on an alleged violation of state law. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Federal habeas relief is not available for errors of state law. See 28 U.S.C. § 2254(a); McGuire, 502 U.S. at 67-68.

Petitioner claims he did not receive a resentencing in violation of a new state law. Petitioner cites only state law in support of his claim and identifies no federal constitutional violation. Further, several district courts have found that habeas claims based on failures to resentence under SB 1393 "do[ ] not state a claim for federal habeas relief." Bush v. Davis, 2020 WL 7043882, at *2 (N.D. Cal. Dec. 1, 2020); see also Burchett v. Martel, 2020 WL 1847131, at *2, report and recommendation adopted by 2020 WL 1820518 (C.D. Cal. Apr. 10, 2020) (petitioner's allegations regarding SB 1393 involve an alleged misapplication of state law and "[a]s such, they fail to state a cognizable federal claim."); O'Neil v. Burton, 2019 WL 6915690, at *2, report and recommendation adopted by 2020 WL 363352 (E.D. Cal. Jan. 22, 2020) ("petitioner's effort to obtain the benefit of California Senate Bill 1393 implicates state law only," and therefore federal habeas relief is unavailable); McKinney v. Pfeiffer, 2019 WL 5686334, at *3, report and recommendation adopted by 2019 WL 5683471 (C.D. Cal Oct. 24, 2019) (petitioner's citation to SB 1393 is a state law claim for relief and therefore is excluded from federal habeas review).

Accordingly, the sole ground for relief asserted in the Petition is not cognizable on federal habeas review and subject to summary dismissal.

Petitioner was advised of the defect in the OSC and, despite filing a Response to the OSC, did not attempt to demonstrate that his claim is cognizable upon federal habeas review. The Court finds it plainly apparent that the sole claim raised in the Petition is not cognizable and subject to dismissal under Rule 4 of the Habeas Rules.

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, IT IS THEREFORE ORDERED THAT:

1. This action is summarily dismissed without prejudice pursuant to Rule 4 of the Habeas Rules; and

2. Judgment shall be entered accordingly.

Dated: August 4, 2021

_____
CORMAC J. CARNEY
United States District Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge